UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CAMILLE SWIFT,

    Plaintiff,      CIVIL ACTION NO.

   -v-

KAUTILYA VERNON HOTEL, LLC D/B/A
QUALITY INN

    Defendant.     SEPTEMBER 6, 2011

## COMPLAINT-JURY TRIAL DEMANDED

**PRELIMINARY STATEMENT**

  This action is brought by plaintiff, Camille Swift and seeks damages arising out of defendant's discrimination against her in the basis of gender and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, *42 U.S.C§2000e, et seq.*, the Civil Rights Act of 1991, *42 U.S.C. §1981a* and the Connecticut Fair Employment Practices Act ("CFEPA").

**PARTIES**

1. Camille Swift ("plaintiff" and/or "Ms. Swift") is a citizen of the State of Connecticut, with her principal place of residence in East Hartford, Connecticut.

2. The Defendant Kautliya Vernon Hotel DBA Quality Inn ("defendant" and/or "Quality Inn")

is a Connecticut limited liability company with its principal place of business at 51 Hartford

Turnpike, Vernon, CT 06066, and at all relevant times hereto were in the business

of hospitality business.

## JURISDICTION AND VENUE

3. Jurisdiction over the subject matter of this litigation exists under Title VII of the Civil Rights

Act of 1964, as amended *42 U.S.C§2000e, et seq.*, the Civil Rights Act of 1991, *42 U.S.C.*

*§1981a*. As to those claims not arising under federal law but clearly so related to the claims

in this action within the original jurisdiction of this Court, jurisdiction exists under the

doctrine of supplemental jurisdiction as codified in *28 U.S.C §1367.*

4. Plaintiff timely filed administrative charges of discrimination with the Connecticut

Commission on Human Rights and Opportunities ("CHRO") and Equal Employment

Opportunity Commission ("EEOC") on May 21, 2009 and has received a Right to Sue letter

from the EEOC dated June 15, 2011. This suit was filed by the deadline. Copies are attached

hereto as Exhibits A.

5. Venue is proper in this District pursuant *to 28 U.S.C. §§ 1391 (b)(1) and (2),* as the unlawful

conduct complained of herein took place within the District of Connecticut and all

parties reside in the District.

2

## STATEMENT OF FACTS

6. The Defendant employs more than 15 persons. The Defendant Kautliya Vernon Hotel DBA Quality Inn ("defendant" and/or "Quality Inn") is a Connecticut limited liability company with its principal place of business at 51 Hartford Turnpike, Vernon, CT 06066, and at all relevant times hereto were in the business of hospitality business.

7. The Plaintiff, Camille Swift, is female.

8. Plaintiff started employment for the defendant in September 2008. Her last position was that of front desk agent. Plainitff had good attendance and performance during her tenure with the defendant. Her former General Manager Syed told her that she was the best worker at the hotel.

9. On January 2009, Steven Salloway, was hired by the defendant and took over as General Manager of the Quality Inn. After he took over as the General Manager, defendant, Salloway, would stare at plaintiff on a daily basis.

10. On or about February 12, 2009, Plaintiff moved into the hotel while she was moving changing apartments.  On that same day, she inadvertently gave the front desk manager the wrong room number of where she was staying. Salloway, telephoned her and said he found out that it was her room because he had seen her son's picture and told her "and I went through your panty drawer." Plaintiff was shocked and hung up on Salloway.

11. On or about February 16, 2009, Ms. Swift was talking with another employee and Salloway stated that plaintiff is a "beautiful woman." On or about March 5, 2009, Salloway called Ms. Swift to ask her to work overtime to fill in for a terminated employee. Swift told him that she would and then Salloway asked what was she going to wear today. Ms. Swift was shocked and hung up on him. On or about March 6, 2009, Salloway offered to take Ms. Swift

3

to the Chowder Pot Restaurant but she declined.

12. Plaintiff worked overtime from March 7, 2009 to March 22, 2009. On or about March 24, 2009, Salloway called her into the back office and handed her $100.00, because he said he appreciated her working all the overtime and training new personnel. After she took the money and thanked him, Salloway told Ms. Swift that he wanted her to give him a kiss on the cheek. She refused to do so and ran out of the room.

13. On or about March 30, 2009, Salloway told a customer that he and her had children together and even made up a fictitious name for the child. The customer noticed that she was very angry and upset over this remark.

14. On or about March 31, 2009, Swift asked Salloway to stop glaring at her and threatened to tell his wife. Salloway told her that he was in love with her, and his wife would not believe her.

15. On or about April 15, 200, Swift told Salloway that she only wanted a professional relationship with him. Salloway became angry with Swift and told her that she could quit if she wanted to.

16. On or about April 23, 2009, Vinita Patel (Mrs. Patel), the wife of the defendant's managing member, Gaurano "Gary" Patel, telephoned the hotel to speak with Salloway. Swift answered the phone and informed Mrs. Patel that she needed to talk to her about her (Swift) concerns. Mrs. Patel told Swift to express any of her concerns to Salloway.  Swift stated to Mrs. Patel that she needed to talk to her (Patel) "woman to woman," in order to express her concerns, but Patel refused to listen and insisted on Swift talking to Salloway regarding any concerns. After the telephone conversation with Mrs. Patel, Swift was in helpless and hopeless situation. Swift reduced her concerns to writing and emailed it to Mrs. Patel. A copy of said

4

email is attached and marked as Exhibit B.

17. On or about April 24, 2009, Salloway called Swift and falsely accused her of failing to make a money drop into the respondent's safe. Swift told Salloway that she made the drop and offered to go to the hotel in order to response to any issues regarding the money drop in person. Salloway insisted that the money drop was not made and terminate Swift's employment over the phone. Salloway terminated Swift's employment even though Swift told him that a male co-worker by the name of Montavis Johnson, witnessed her filling out the deposit slip, putting monies in the envelope and making the drop.

**FIRST COUNT (29 U.S.C §2000, TITLE VII-DISCRIMINATION)**

18. Plaintiff hereby repeats and realleges paragraphs 1 to 17 as if more fully set forth herein.

19. Defendant is an "employer" as defined by *42 U.S.C § 2000e (b)*.

20. Defendant all times relevant hereto has employed more than 15 employees.

21. Defendant's conduct, by and through its agents, in treating plaintiff in the manner unequal to other employees, discriminatorily denied plaintiff equal treatment of the basis of sex, in violation of Title VII, as amended by the Civil rights Act of 1991.

22. Defendant, in failing to adequately investigate and remedy the treatment to which plaintiff was subjected, despite its knowledge of the conduct, discriminatorily denied plaintiff equal treatment on the basis of sex, in violation of Title VII, as amended by the Civil Rights Act of 1991.

23. In so treating plaintiff, an in ipso facto constructively terminating plaintiff, all because of her sex, defendant subjected plaintiff to illegal discrimination.

24. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

## SECOND COUNT ( C.G.S. § 46A-60(a)(1)-UNLAWFUL DISCRIMINATION)

25.   Plaintiff hereby repeats and realleges paragraphs 1 to 17 as if more fully set forth herein.

26.   Plaintiff was at all times relevant hereto as "employee" as that term is defined in *C.G.S. §* *46a-15(9).*

27.   Defendant is an "employer" as that term is defined in *C.G.S. § 46a-51(10).*

28.   At all  relevant times hereto, defendant employed more than three persons.

29.   Defendant's conduct, by and through its agents, in treating plaintiff in the manner unequal to other employees, discriminatorily denied plaintiff equal treatment on the basis of sex, in violation of *C.G.S.§ 46a-60(a)(1).*

30.   Defendant, in failing to adequately investigate and remedy the treatment to which plaintiff was subjected, despite its knowledge of the conduct, discriminatorily denied plaintiff equal treatment on the basis of sex, violation of *§ 46a-60(a)(1).*

31.   In so treating plaintiff, and in ipso facto constructively terminating plaintiff, all because of Her sex, defendant subjected to illegal discrimination.

32.   As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic physical and emotional harm.

## THIRD COUNT (29 U.S.C. § 2000, TITLE VII-RETALIATION)

33.   Plaintiff hereby repeats and realleges paragraphs 1 to 17 as if more fully set forth herein.

34.   By failing to take appropriate corrective action and continuing the harassment and in fact condoning same, and effectively allowing it to escalate in response to plaintiff's complaints, defendant acted in retaliation for plaintiff's effort to protect her rights, in violations of *42 U.S.C. §2000e-3*, Title VII.

35.   As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic physical and emotional harm.

## FOURTH COUNT (C.G.S. § 46A-60(4)-RETALIATION)

36.    Plaintiff hereby repeats and realleges paragraphs 1 to 17 as if more fully set forth herein.

37.    By failing to take appropriate corrective action and continuing the harassment and in fact condoning same, and effectively allowing it to escalate in response to plaintiff's complaints, defendant acted in retaliation for plaintiff's effort to protect her rights, in violations of *C.G.S 46A-60(4)*.

38.    As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic physical and emotional harm.

## FIFTH COUNT (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

39.    Plaintiff hereby repeats and realleges paragraphs 1 to 38 as if more fully set forth herein.

40.    Defendant's conduct in the termination process was unreasonable and improper.

41.    Defendant knew or should have known that as a result of its conduct, plaintiff would suffer emotional distress or that such distress was a likely result of its actions and that further, such emotional distress might result in illness or bodily harm.

42.    Defendant's reckless conduct as described above has caused plaintiff to suffer severe and continuing mental and emotional distress and anguish. Defendant is justly liable to plaintiff for the damage she has suffered and will continue to suffer.

## SIXTH COUNT (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

43.    Plaintiff hereby repeats and realleges paragraphs 1 to 42 as if more fully set forth herein.

44.    By the above acts, defendant intended to inflict emotional distress upon plaintiff.

45.    Defendant knew or should have known that this conduct would have caused plaintiff emotional distress.

46.    The emotional distress defendant inflicted upon plaintiff was extreme and outrageous.

47.    As a result of defendant's actions, plaintiff suffered and continues to suffer severe emotional distress, embarrassment and humiliation.

7

**WHEREFORE**, the plaintiff demands:

1. Compensatory and consequential damages, including but not limited to lost wages, commissions, bonuses, and the value of all other employment benefits in an amount to be determined by the trier of fact, with interest from the date when said sums were due:

2. Common law punitive damages;

3. Front pay and/or other equitable relief, including reinstatement;

4. Attorney's fees, prejudgment interest and costs;

5. An injunction permanently enjoining defendant, its agents, employees, successors, ssigns and all persons who acted in concert and participation with defendant, from engaging in any discriminatory or retaliatory employment practice; and

6. Any such additional and further relief which this Court may deem just and proper.

THE PLAINTIFF,
CAMILLE SWIFT


BY  /s/ John Sodipo
John Sodipo, Esq.
Jacobs & Sodipo, LLC
65 Memorial Road, Ste 545
West Hartford, CT 06107
Tel: 860-233-2245
Fax: 860-233-8436
Fed.: CT 28126
Email: Admin@jacobssodipo.com
        john@jacobssodipo.com

9